IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAVONNA S. BARNES<br><br>　　　　　Plaintiff<br>v.<br><br>NCC BUSINESS SERVICES, INC., *et al.*<br><br>　　　　　Defendants | CASE NO.: 8:18-CV-01473-PJM |

### DEFENDANT SUN RIDGE ASSOCIATES, LP'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Sun Ridge Associates, LP ("Sun Ridge"), by Patricia H. Beall, Jonathan N. Saltzman, and Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., its attorneys, hereby files this Reply in Support of its Motion for Partial Summary Judgment. In support of this Reply, Defendant states:

1. Plaintiff alleges that the November 23, 2016 Agreement for Mutual Rescission of Lease (the "Rescission") estops Sun Ridge from charging Plaintiff for the damage to the apartment. P's Reply at 5. However, there is no language in the Rescission protecting Plaintiff from damages arising after the Rescission was executed. See Rescission, attached hereto as Exhibit 1. The Court of Special Appeals of Maryland has stated that "A party cannot be released from liability for injuries resulting from its future negligence in the absence of language that expressly so provides." *Kreter v. HealthSTAR Communs.*, Inc., 172 Md. App. 243, 261 (2007).

2. Prior to Plaintiff vacating her apartment and executing the Rescission, she undoubtedly had the opportunity to repair any property damage. Prior to the execution of the Rescission, Sun Ridge could not seek reimbursement for any property damage because Plaintiff

{MD177773.1}

had that opportunity to repair those damages. However, once the Rescission was signed, and the apartment was returned to the full control of Sun Ridge, Plaintiff no longer had the opportunity to repair those damages. Moreover, Sun Ridge would not be make a final inspection of the apartment until after Plaintiff had vacated it, in order to account for any damage that occurred to the apartment up until the date of the rescission. The damage caused to Sun Ridge was therefore not manifested until after the Rescission was executed. As there was no language in the Rescission preventing Sun Ridge from raising a claim of future damages as Plaintiff, the Rescission did not prevent Sun Ridge from seeking reimbursement of property damages.

    3.     Plaintiff claims that her defamation claim is valid because Ms. Barnes did not owe a debt to Sun Ridge. Further, Plaintiff misrepresents Sun Ridge's argument in claiming that Sun Ridge allegedly conceded Plaintiff did not owe it money after November 4, 2016. P's Reply at 7. Finally, Plaintiff argues that Sun Ridge continued to send Plaintiff's account to collection until before Sun Ridge's deposition. However, Sun Ridge did not make any concession that Plaintiff owed it no debt; rather, Sun Ridge was clear that Plaintiff indeed owes Sun Ridge a sum of $289.99. Sun Ridge's Mem. in Support at 2. Furthermore, that amount was entered into RPS' ledgers by June 2017 and NCC was contacted regarding removal of Plaintiff's rental debt from collections in May 2017. Sun Ridge's Mem. in Support at 2.

    4.     The basis of Plaintiff's argument against Sun Ridge's motion for summary judgment regarding Plaintiff's false light claim is that Sun Ridge "knew that Ms. Barnes did not owe the money it reported to NCC, as Sun Ridge was a party to the rent escrow case with Ms. Barnes." Once again, however, Plaintiff did, and still does, owe money to Sun Ridge. Sun Ridge's Mem. in Support at 1. Most importantly, the intent that Plaintiff alleges by asserting that Sun Ridge "knew" that she did not owe NCC money is unfounded; an employee of RPS

contacted NCC to request Plaintiff's debt be removed from collections in May 2017. Sun Ridge's Mem. in Support at 2. Therefore, Plaintiff cannot prevail on her claim for false light.

5. Plaintiff concedes that her claim that she suffered harm in this matter arises is only supported by her own deposition testimony. P's Reply at 15. However, she also testified that she has a long history of suffering from those same alleged emotional harms that she alleges resulted from the issues in this case. Moreover, Plaintiff testified she did not suffer financial harm. See Plaintiff Dep., attached hereto as Exhibit 2, at pp. 108:11-13, 118:21-119:2, 126:11-15, 128:2-6, 128:14-16. In order to support a finding for defamation, a plaintiff must show that the alleged defamatory statement caused her harm. *Norman v. Borison*, 17 A.3d 697, 705 fn 10 (Md. 2011). However, Plaintiff's testimony that she suffered harm is not sufficient to demonstrate cognizable harm caused by Sun Ridge's actions, because she has not presented any evidence to distinguish her symptoms from those which she was already suffering. Without the ability to make a cognizable assertion of harm, Plaintiff cannot satisfy the requirements for a finding of defamation.

WHEREFORE Defendant Sun Ridge requests this Court grant its Motion for Partial Summary Judgment.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

/s/*Patricia H. Beall*
Patricia H. Beall, #29593
Jonathan N. Saltzman, #20683
600 Baltimore Avenue, Suite 305
Towson, MD 21204
(410) 339-6880
*Attorneys for Defendant,
Sun Ridge Associates, LP*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAVONNA S. BARNES<br><br>             Plaintiff<br>v.<br><br>NCC BUSINESS SERVICES, INC., *et al.*<br><br>             Defendants | **CASE NO.: 8:18-CV-01473-PJM** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of August, 2019, a copy of Defendant Sun Ridge Associates, LP's Reply Support of Its Motion for Partial Summary Judgment was sent electronically to:

Emanwel J. Turnbull, Esquire
Federal Bar No.: 19674
The Holland Law Firm, P.C.
914 Bay Ridge Road, Suite 230
Annapolis, Maryland 21403
eturnbull@hollandlawfirm.com
*Attorneys for Plaintiff*

Ingmar B. Goldson, Esquire
The Goldson Law Office
1734 Elton Road, Suite 210
Silver Spring, Maryland 20903
igoldson@goldsonlaw.com
*Attorneys for Plaintiff*

David B. Shaver, Esquire
7681 Tylers Place Blvd.
West Chester, OH 45069
dshaver@sdtlawyers.com
*Attorneys for Defendant Trans Union LLC
NCC Business Services, Inc.*

James M. Connolly, Esquire
Kramer & Connolly
465 Main Street
Reisterstown, Maryland 21136
jmc@kramerslaw.com
*Attorneys for Defendant
NCC Business Services, Inc.*

                                               /s/Patricia H. Beall
                                               Patricia H. Beall