**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| JAVONNA BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. PJM-18-1473 |
| | ) |
| NCC BUSINESS SERVICES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion for Entry of Order for Attorney's Fees as Discovery Sanctions ("Plaintiff's Motion")(ECF No. 78). The Court has reviewed Plaintiff's Motion and related filings. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

**I.  Factual Background**

There can be no dispute that Plaintiff is entitled to fees; the only question is how much. A short history of the problems is as follows.

On January 3, 2019, the Court granted Plaintiff's Motion to Compel Defendant Sun Ridge Associates, LP d/b/a Autumn Woods to Answer Interrogatories and Produce Documents. The Court therein required the production of substantive discovery responses within seven days and stated that "all objections aside from those based on the attorney-client privilege or work product doctrine are waived." ECF No. 60. More than two months later, Plaintiff felt compelled to file a second motion seeking discovery (the "Second Motion"). ECF No. 66. Plaintiff therein complained that Defendant continued to assert various objections the Court deemed waived, continued withholding of discoverable documents, and continued to posit

inadequate answers to interrogatories. Moreover, Plaintiff noted the deposition of Defendant's corporate designee with the appropriate identification of the subjects of inquiry. Sadly, the designee was not prepared to respond to appropriate questions at the deposition rendering the exercise unproductive. This misconduct required a follow up deposition and a hearing before the Court that was held on May 23, 2019. ECF No. 75. At that time, the Court made clear that Plaintiff was entitled to an award of reasonable attorney's fees and expenses. Sanctions are in order pursuant to Fed. R. Civ. P. 26(g) and 37.

**II.     Analysis**

Both Rule 26 and 37 are expressed in mandatory terms. The certification requirement of Rule 26 states,

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3). The certification was violative of the Rule and Defendant has not offered a "substantial justification." Therefore, a sanction is required which may include reasonable expenses. Defendant's conduct also violated portions of Rule 37(a) and (b). For the sake of simplicity, the Court will limit its consideration to Rule 37(a). Here, the Court has granted the motions to compel and the Court is required to make Defendant pay the "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Again, Defendant has not shown a "substantial justification" or "other circumstances" that would "make an award of expenses unjust." Id. Defendant's arguments against the present motion are focused on the fee award Plaintiff seeks.

2

In determining the reasonableness of a fee award in the sanctions context, the Court is to be guided by its independent review of time records setting forth the services required, and the rates charged for said services to insure they conform to the typical rates found in the relevant legal community. Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 508 (D. Md. 2000). Plaintiff's counsel has provided the former, and the Court can rely upon its own Local Rules for guidance on the latter. Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Guidelines"). Loc. R., App. B.3(d) (D. Md. Dec. 1, 2018). Application of the Guidelines are not required; however, they are instructive. Once a fee request is submitted, it becomes the responsibility of the party challenging the request to articulate the areas where an award would be inappropriate. "[T]he Court will not review any challenged entry in the bill unless the challenging party has identified it specifically and given an adequate explanation for the basis of the challenge." Thompson v. U.S. Dept. of Hous. and Urban Dev., No. Civ. A. MJG-95-309, 2002 WL 31777631, at *10 (D. Md. Nov. 21, 2002). The Court will address the specific concerns raised by Defendant.

### A. The Hourly Rates.

Defendant opens with an attack on the hourly rates sought for legal services provided. In support of Plaintiff's Motion, counsel state that Ingmar Goldson has been a member of the bar for over six years, while Emanwel Turnbull has been a member for less than five years. Pl.'s Memo. in Supp. of Pl.'s Mot. for Entry of Order for Attorney's Fees as Discovery Sanction ("Pl.'s Mem.") ECF No. 78-1, p. 5.

In what may be an oversight, Mr. Goldson's representation of his years of experience at the bar is not supported by his declaration. The declaration merely provides the years when he completed his academic studies. Decl. of Ingmar Goldson in Supp. of Pl.'s Pet. for Fees

3

("Goldson Decl."), at ¶¶ 1-2, ECF No. 78-2. Nonetheless, in his application to membership of the bar of this Court, he states under oath that he indeed became a member of the bar in December 2012. It is clear from Mr. Turnbull's declaration that he has been a member of the bar for less than five years. Decl. of Emanwel Turnbull in Supp. of Pl.'s Pet. for Fees ("Turnbull Decl."), at ¶ 4, ECF No. 78-3.

The Court finds Plaintiff's counsels' efforts to apply the Laffey Matrix to the present litigation unpersuasive. There is no expressed justification for the Court to abandon its historical formulation, or to apply an out of jurisdiction calculation merely because it provides for a higher fee award. The Court also finds unpersuasive Defendant's argument that Plaintiff's fees should be capped at a median hourly rate for each scale. The range is merely a guide and is not to be mechanically applied when it comes to the years of service within each given range. Otherwise, the Guidelines would calculate the hourly rates by articulating a specific rate for each year of experience instead of a range. Given the levels of experience by counsel, the maximum hourly rates under the Guidelines for Mr. Goldson would be $300, and for Mr. Turnbull it would be $225. These rates were reviewed and in large measure re-established under the July 2018 publication of the Local Rules. The Court will apply these rates.

**B.     The Services Provided.**

Defendant next takes issue with certain services provided by opposing counsel. Defendant initially challenges 2.5 hours of preparation time for the second deposition of Defendant's corporate designee. To this argument, Plaintiff offers no response. The gist of Defendant's concern is that Plaintiff's counsel took far too long in preparing, and therefore he should receive nothing. Plaintiff's counsel spoke to the need for the time expended in Plaintiff's Memorandum. Pl.'s Mem. in Supp., 78-1, p. 4. The Court is of the view that preparation was

required, including having an extensive understanding of the previous deposition.  The Court will not reduce the time associated with this request.

Defendant objects to Plaintiff seeking an award for two hours of travel for the hearing on the motion for sanctions.  Defendant relies upon <u>IPXL Holdings, LLC v. Amazon.com, Inc.</u>, 2005 U.S. Dist. LEXIS 32621, 8-9 (E.D. Va. 2005) for the notion that Plaintiff's request should be excluded.  The case in not helpful and flies in the face of a plain reading of the Local Rules.  The Rules state, "Up to two (2) hours of travel time (each way and each day) to and from a court appearance . . .that cannot be devoted to substantive work may be charged at the lawyer's hourly rate."  Loc. R., App. B.2(e)(ii).  Plaintiff states correctly that "but for" Defendant's conduct, counsel would not have been required to attend the hearing on the motion to compel.  The Court will not reduce this category of fees sought.

Defendant challenges the eight hours of billable time associated with the drafting of Plaintiff's Motion, observing that the motion is a mere eleven pages long.  While Plaintiff does not directly respond, the Court's review of the submission, the declarations and time records leads to the conclusion that Plaintiff's request is not unreasonable.  The Court declines Defendant's invitation to reduce the request by fifty percent.  The Court will not reduce this category of fees sought.

Defendant notes that Mr. Goldson billed five hours for preparation and attendance at the hearing on Plaintiff's Motion, did not argue the motion, while Mr. Turnbull took on both tasks.  To this argument, Plaintiff's counsel does not respond.  Again however, the Local Rules speak to this concern and states, "[o]nly one lawyer for each party shall be compensated for attending hearings."  Loc. R., App. B.2(c).  Therefore, the Court will delete the time of Mr. Goldson for attending the hearing, resulting in a deduction of 2.5 hours.

5

Finally, Defendant takes issue with Plaintiff seeking to recover an hour of time for the "Oppo to Motion for Sanctions." Plaintiff has not responded to this contention and no support for it is apparent. Accordingly, the Court will discount the requested fees of Mr. Goldson by one hour.

### C. The Final Tabulation.

As stated above, Mr. Goldson's time shall be reduced by a total of 3.5 hours. The Court will not reduce the time sought by Mr. Turnbull. Accordingly, Mr. Goldson will be awarded 10.2 hours for his services, at an hourly rate of $300.00, for a total of $3,060.00. Mr. Turnbull will be awarded 19.2 hours for his services, at an hourly rate of $225, for a total of $4,320.00.

### III. Conclusion

The total award for Plaintiff as sanctions for discovery abuses is $7,380.00 against Defendant Sun Ridge Associates, LP and its counsel. A separate Order will accompany this Memorandum Opinion.

August 30, 2019

/s/
Charles B. Day
United States Magistrate Judge