<pre>
 1                   UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND
 2                        SOUTHERN DIVISION

 3

 4   JOVONNA BARNES,             :  Civil Action No.

 5            Plaintiff,         :  PJM 18-1473

 6       v.                      :

 7   NCC BUSINESS SERVICES,      :  Greenbelt, Maryland

 8            Defendant.         :  Friday, November 8, 2019
     _____/   10:08 A.M.
 9
                      TRANSCRIPT OF MOTIONS PROCEEDINGS
10            BEFORE THE HONORABLE PETER J. MESSITTE
                    UNITED STATES DISTRICT JUDGE
11
     APPEARANCES:
12   FOR THE PLAINTIFF:     INGMAR BANCROFT GOLDSON, Esquire
                            The Goldson Law Office
13                          1734 Elton Road, Suite 210
                            Silver Spring, Maryland  20903
14                          240-780-8829
                            and
15                          EMANWEL JOSEF TURNBULL, Esquire
                            The Holland Firm, PC
16                          914 Bay Ridge Road, Suite 230
                            Annapolis, Maryland  21401
17                          410-280-6133.

18   FOR THE DEFENDANT      DAVID SHAVER, Esquire
     NCC BUSINESS           Surdyk, Dowd and Turner
19   SERVICES, INC.:        8163 Old Yankee Street, Suite C
                            Dayton, Ohio  45458
20                          937-222-2333

21   FOR THE DEFENDANT      PATRICIA H. BEALL, Esquire
     SUN RIDGE ASSOCIATES:  Marks, O'Neill, O'Brien, Doherty
22                          600 Baltimore Avenue, Suite 305
                            Towson, Maryland  21204
23                          410-339-6880

24
     OFFICIAL COURT REPORTER:  LINDA C. MARSHALL,(301) 344-3229
25         COMPUTER-AIDED TRANSCRIPTION OF STENOTYPE NOTES
</pre>

```
 1                        P-R-O-C-E-E-D-I-N-G-S

 2                              EXCERPT

 3          (Whereupon, other proceedings were reported, but are not

 4     herein transcribed.)

 5              THE COURT:  In this suit Javonna S. Barnes has sued

 6     NCC Business Services, Inc., Sun Ridge Associates, LP doing

 7     business as Autumn Woods Apartments, and previously sued but has

 8     dismissed Trans Union, LLC, Experian Information Solutions,

 9     Inc., and Equifax Information Services, LLC.

10              The matter is before the Court on various Motions for

11     Summary Judgment or Partial Motions for Summary Judgment between

12     the plaintiff, Ms. Barnes and the defendants.

13              The suit now proceeds in five counts.  Count One for

14     violation of the Maryland Consumer Debt Collection Act against

15     the defendants, NCC and Sun Ridge;

16              Count Two, violation of the Maryland Consumer

17     Protection Act against NCC and Sun Ridge;

18              Count Six, violation of the Fair Credit Reporting Act

19     failure to investigate against NCC only;

20              Count Nine, defamation as to both defendants;

21              Count Ten, invasion of privacy and something styled as

22     Count Eleven, attorney's fees, which of course is not a separate

23     count, but only would be a consequence of what a separate

24     recognized cause of action would permit.

25              We start then with the first count that the Court
```

```
 1   deals with and it does require some background information.

 2   Essentially, in August of 2016, the plaintiff noticed mold in

 3   her apartment, notified building management and filed a rent

 4   escrow in the Prince George's County Circuit Court.  That would

 5   be in the district court, I think, not the Circuit Court.

 6          Am I correct?  I think that's right.

 7          MR. SHAVER:  We believe that's correct.

 8          MS. BEALL:  I'm sorry, yes.

 9          THE COURT:  In district court.

10          And the, Sun Ridge was effectively the landlord in the

11   case, the creditor.

12          On September 6th, Sun Ridge filed a failure to pay

13   rent lawsuit against Barnes, but -- and again, on October 6,

14   2016, yet another failure to pay rent.  And on November 23rd,

15   2016, Barnes and Sun Ridge entered into an agreement for mutual

16   rescission of the lease and the language did provide, among

17   other things, "It is hereby agreed that all claims or demands,

18   whatever kind or nature arising under or as a result of said

19   lease for the occupation of letting said apartment are hereby

20   fully released by the parties and the owner is not entitled to

21   vacancy loss payments from the Housing Authority of Prince

22   George's County", et cetera.  That was signed on behalf of Sun

23   Ridge and the plaintiff.

24          The plaintiff moved out of the premises on or about --

25   well, in the interim, I believe, there was yet another failure
```

```
1    to pay rent lawsuit filed.  That was on December the 8th after

2    the November 23rd, 2016 Agreement for Mutual Rescission of

3    Lease.

4           But then on December 30th, the plaintiff moved out of

5    the premises and as of February 23rd, an account in Barnes' name

6    was placed by Sun Ridge with -- or its representative, RPS, with

7    NCC for collection.  The amount was $1661.41.

8           On April 17th, Barnes was notified or became aware

9    that a delinquent debt had been placed with NCC for collection.

10   On May the 19th, the appeal of the escrow apparently taken by

11   Sun Ridge was heard and the Prince George's County Circuit Court

12   ruled that it was moot.

13          On June 30, 2017, damages appeared on Barnes' resident

14   charges list.  On May 22nd, 2018, she filed suit in the Circuit

15   Court for Baltimore City.  It was removed to this court.

16          And then on May the 29th, the account was deleted from

17   the credit report, at least, insofar as the rent was due.  Claim

18   being made by Sun Ridge that some $289 for damages to the

19   apartment purportedly executed -- purportedly following the

20   execution of the mutual release.

21          And then on -- to this day, Sun Ridge and it's now

22   November the 8th, 2019, insist that the $289 is due and payable

23   by the plaintiff to it.

24          That's the essential factual background.  Count One

25   then is the count under the Maryland Consumer Debt Collection
```

1    Act.  And what we have is a Motion for Summary Judgment from

2    NCC.  We have a Motion for Summary Judgment by Sun Ridge and

3    then we have not only oppositions by the plaintiff, but her own

4    Motions for Summary Judgment.

5            The parties concede and we will also speak in terms of

6    Count Two, which is violation of the Maryland Consumer

7    Protection Act, which is essentially in pari materia with Count

8    One and would only add attorneys' fees as a potential remedy

9    should there be a violation found under the Maryland Debt

10   Collection Act.

11           The parties concede that the claim against NCC as to

12   both counts one and two is preempted by the Federal Credit

13   Reporting Act.  To this effect, the Court made that observation

14   in *Davenport versus Sallie Mae, Inc*. in 2013 WL4010983 in 2013.

15   So that motion is granted as to Counts One and Two in favor of

16   NCC.  And to that extent, any motion filed by the  plaintiff in

17   opposition is denied.

18           Now, with regard to Sun Ridge, there's interesting

19   argument about whether these are Sun -- preempted.  The Court

20   concludes that the claim is not preempted by either claim, by

21   the Federal Credit Reporting Act.  Sun Ridge is not a person who

22   furnishes information to consumer reporting agencies and

23   reasonable jurors could disagree -- well, that's the argument.

24           In any event, they're not a person.  In any event, as

25   well, the Court is not prepared to say that reasonable jurors

1    could not disagree that they attempted to enforce a right with

2    actual knowledge or disregard of the account.

3           The Court will deny Sun Ridge's Motion for Summary

4    Judgment; will not grant plaintiff's corresponding Motion for

5    Summary Judgment, but will allow that issue to go to trial at

6    which point the argument can be made that Sun Ridge was, in

7    fact, attempting to collect an alleged debt with knowledge that

8    it did not exist or with reckless disregard in sending it out.

9    There is, at least, a minimum of reckless disregard.

10          I would say that there does not appear to be anything

11   willful in the record.  That much can be said, that they

12   actually knew and they deliberately intended not to send it out,

13   but that doesn't take care of the issue of reckless disregard.

14   At a minimum, there is reckless disregard and that really is

15   shown by various exhibits that have been produced against or buy

16   NCC and Sun Ridge in the case.

17          So, that motion is -- that count is set for trial.

18   The motion -- both motions of Sun Ridge and the plaintiff are

19   denied and the same is true with regard to Count Two, Barnes'

20   Motion for Summary Judgment is denied, but set for trial and

21   Sun Ridge's motion is denied and set for trial.

22          Now, the Court specifically notes that mental anguish

23   or emotional distress are compensable under those counts as

24   well, and I do not accept the argument that expert testimony is

25   needed.

```
 1              Now, I understand the Court is citing a Fourth Circuit

 2    case suggested they can't be a frivolous, simple, vague,

 3    whatever, but insofar as the allegations in this -- the evidence

 4    in this case is concerned, you've been talking about inability

 5    to eat, sleep, have migraine headaches and so on.  To the extent

 6    that this might even be inconsistent with what the Court said in

 7    Davenport, then I've evolved.  But in any event, I'm not

 8    prepared to say that it's inconsistent with Davenport anyway,

 9    because I think in a common sense way and given the length and

10    duration of this failure to come to terms on the part of

11    defendants generally with the fact that this was a wrongful,

12    misrepresentation of her credit status that she can go forward

13    on emotional damages.

14              There is, I would say, serious doubt, though, as to

15    the willfulness of the claim, but reckless disregard, I think,

16    is still an avenue and that remains to be seen.

17              With regard to the Fair Credit Reporting Act, there

18    certainly and the Court would accept without much more, there is

19    obviously material dispute as to whether there was a reasonable

20    investigation.  Johnson versus MBNA American Bank at 357 F.3d

21    426 from the Fourth Circuit in 2000 -- what's the year -- four,

22    is to that effect.  That is essentially the holding there was

23    that it may well be, typically, a jury issue and it is in this

24    case.

25              What you've got and actually I can't cite the case
```

1   offhand.  It may be a Eleventh Circuit case.  You really just

2   got a internal investigation here.  You have no investigation

3   that goes beyond looking at their own records, which were flawed

4   to begin with.  Consequently, when they said, verify with the

5   client whether this is accurate or not, they didn't do it and

6   that clearly is enough to suggest that because they did it as a

7   matter of routine, but didn't do it in this case, it arguably

8   shows an unreasonable investigation.  So, to that extent the

9   record goes forward.

10           Now, I disagree where we get -- not to get too subtle

11  about this, I don't think that it is a correct statement that

12  under 16 -- 15 U.S.C. 1681(h) that all common law causes of

13  action have been excluded.  You got to read that statute very

14  carefully and I think *Davenport* does.

15           Let's go to that in particular.  If you read the

16  statute -- let's pull that specifically.  This is a failure to

17  investigate claim, but on the limitation of liability, let's

18  just go to that.  1681(h) and the Court, I think, addressed this

19  in *Davenport*, did it not?

20           1681(h)(E) doesn't bar state common law claims in the

21  case because 16 -- which are exclude, 1681(g) and (H) apply only

22  to disclosures made by credit reporting agencies.  Sixteen --

23  and the other specific agencies, 1681(m) applies only to

24  consumer reports, but the other provisions of 1681(h) are simply

25  not in play in this case.  This is a 1681(s)2 claim and there is

```
1    no language that would exclude common law claims by that

2    statute.

3            That said, the case law has developed that even though

4    common law claims in regard to states' statutory causes of

5    action have been limited, state common law claims survived.  So

6    they do survive insofar as they are not precluded by the Fair

7    Credit Reporting Act.  The statute is a little complicated.

8            That said, however, that said, if you go through the

9    elements of the claim for defamation in this case, what you

10   really don't have here, seems to me, are the -- there's no

11   reckless disregard avenue when you come to state defamation.

12   There certainly is a conditional privilege here that exists as a

13   matter of law.  There is a right of a creditor to make a report

14   to a credit reporting agency about a deficient debtor.  And in

15   order to overcome the condition of privilege, it has to be

16   actual malice.  There's no reckless disregard avenue there.

17           And the Maryland courts, if you have that case, the

18   *Sele-Radke* case.  Very specific, it means specific knowledge

19   that a claim was not due and a specific intent on the part of

20   the defendant to harm.

21           Let me see if I can read to you the exact language on

22   that.

23        (Pause.)

24           THE COURT:  The case I'm referring to is *Sele-Radke,*

25   *S-E-L-E dash Radke, R-A-D-K-E versus Hosmane, H-O-S-M-A-N-E,*
```

1    450 Maryland 468, from the Maryland Court of Appeals 2016.

2            And the Court goes into some rather specific

3    discussion of what it means to have the malice that would

4    overcome the conditional privilege and that, I think, is what's

5    candidly missing.

6            Again, this gets a little complicated because under

7    the Fair Credit Reporting Act, malice can include reckless

8    disregard.  But under state defamation law, I don't read it that

9    way and I want to come to the language that takes us there.

10           Hold on a second.

11       (Pause.)

12           THE COURT:  This is 450 Maryland 468.  Actually, I

13   think I've got the -- yeah, and this is 468, but this begins at

14   495.  In *Ellerin*, E-L-L-E-R-I-N, 337 Maryland 234, omitting the

15   other cites, we held that to recover punitive damages in an

16   action for fraud, a plaintiff must show actual malice to find as

17   a defendant's actual knowledge of falsity coupled with the

18   defendant's intent to deceive the plaintiff by means of a false

19   statement."

20           And in *Ellerin* we explained that reckless disregard or

21   reckless indifference concerning the truth of the representation

22   falls short of the mens rea which is required to support award

23   of punitive damages.

24           Consequently, in *Piscatelli*, P-I-S-C-A-T-E-L-L-I, 424

25   Maryland at 307, 308, the Court likewise adopted *Ellerin* malice

1  definition for cases in which a plaintiff must prove malice to

2  overcome a common law conditional privilege.  Thus, for the

3  purpose of defamation actions, malice is defined as a person's

4  actual knowledge, actual knowledge that a statement is false

5  coupled with his or her intent to deceive another by means of

6  that statement.

7          Don't really have that in this case.  I mean,

8  whatever -- you've got, arguably, a lot of reckless disregard,

9  but you don't really have that kind of actual knowledge of

10  falsity where you're intending to go out and harm somebody.  So,

11  I don't think you've overcome the issue of conditional privilege

12  in the defamation suit.  And the same would be true with regard

13  to invasion of privacy where the elements are essentially the

14  same.

15          That said, though, even if -- so I'm really making the

16  point, even if those common law causes of action survive the

17  Fair Credit Reporting Act, they fail in this case because I

18  don't think there is evidence of the actual knowledge of falsity

19  with intent to do harm.  That's different from reckless

20  disregard.  Even though, as I say, malice in the context of the

21  Fair Credit Reporting Act does include reckless disregard, it

22  gets a little complicated, but I think that's a fair statement

23  of the law.

24          So, as to the two common law cause of action, the

25  motions for the defendants are granted and a motion for the

1   plaintiff and contradiction is denied.  So, we are left in the

2   case with the surviving actions in Counts One and Two under the

3   Maryland Consumer Debt Collection Act and Maryland Consumer

4   Protection Act with claims of, surviving against Sun Ridge set

5   for jury trial.  And then as I say, and the consistent motions

6   are denied.

7            With regard to the Count Six, which is against NCC

8   only, the Motion for Summary Judgment of NCC is denied.

9   Plaintiff's counter motion denied.

10           The defamation claims and invasion of privacy claims

11  are both out of the case and the motions of defendants for

12  summary judgment are denied.  I don't think plaintiff was

13  seeking a counter motion for summary judgment on those counts.

14  I don't see that.  Is that correct, was she?  She was, okay.

15  Then her motion is denied.

16           So there is a survivable cause of action.  The issue,

17  I would say, is this.  And again, I pose this to you Ms. Beall,

18  I'm going to let you argue to the jury that without -- and I do

19  this somewhat reluctantly because I think it's a very close

20  question whether as a matter of law this, what looks like a

21  concoction of damages due really is a viable claim on the part

22  of the defendant.

23           And it's further arguable that under the release, if

24  you're releasing the apartment as of that time, you're releasing

25  the apartment as of whatever is going on in the apartment.  It

1    doesn't say in the document necessarily that if we come back and

2    discover when you leave the apartment that we find damages

3    months later, three months later that we're going to be able to

4    hold up your claim.  It really is questionable.

5           I'm so close now to saying as a matter of law, you're

6    wrong, when I do think this is really going to be a dangerous

7    argument to make to a jury.  They really will not go for it.  I

8    know you're going to say it.  And I, frankly, am going to

9    reserve the right to revisit should the jury for any reason

10   find, I will look at that fact after the jury trial on directed

11   verdict and may well take away a jury verdict that somehow finds

12   that that was a valid reason.

13          I'm letting it go and you may not want that in the

14   end, but I'll let it go and you can make that argument to the

15   jury.  It's risky, but there it is.

16          As far as the -- this is really complicated.  As far

17   as the willful intent to injure, I mean, we've gone on different

18   points like that.  It does under the Fair Credit Reporting Act

19   allow you to argue reckless disregard.  It doesn't for

20   defamation or invasion of privacy, so maybe the jury doesn't

21   need to worry about that distinction.  And they'll be told that

22   reckless disregard is, in fact, a way in which one can recover

23   for whatever purpose and we shall see.

24          Anyway, a case very meat for resolution by way of

25   settlement.  I just can't imagine you really want to put this

```
 1    out there to what will be a largely consumer tenant-oriented

 2    jury.

 3              We had a case recently where it was a lone borrower

 4    against a bank, and they could see as that was coming down.  And

 5    then I think within a month, it was against the lawyer.  Well,

 6    these are not popular defendants and let's be candid about it.

 7    This is, sort of, speaking not off the record, but ex cathedra

 8    here.  I mean, this is a -- you're not popular defendants when

 9    you're a landlord before a jury.  You're not a popular defendant

10    when you're a lawyer before a jury.  I mean, a defendant.

11    You're not a popular defendant when you're a bank before a jury.

12    They just aren't kind.  Seen that a lot over the years.  So,

13    give it some serious thought.

14              In any event, we'll enter an order implementing the

15    Court's decision today and leave you folks to your devices.

16              Have you thought about going to a magistrate judge for

17    settlement purposes or have you gone already?

18              MR. TURNBULL:  Your Honor, there was discussion about

19    that earlier.  I think it was the feeling of defendants they

20    wanted to wait until after this.

21              THE COURT:  Okay.

22              MR. TURNBULL:  Certainly, plaintiff would be very

23    happy with the referral.

24              THE COURT:  Well, I strongly suggest it.  I do think

25    it's not really going to help overall to put this before a jury.
```

1    We can do it, we can do it, but you just need to see what you're

2    in for with this.

3           All right.  Well, we'll enter an order today.  And if

4    you're ready to have me refer to a magistrate judge for

5    settlement, we'll take care of that as well.

6           MR. TURNBULL:  Thank you, Your Honor.

7           THE COURT:  All right.  Thank you, counsel.

8       (Recess at 11:42 a.m.)

9                               *   *   *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                                **CERTIFICATE OF COURT REPORTER**

2         I, Linda C. Marshall, certify that the foregoing is a

3 correct transcript of the record of proceedings in the

4 above-entitled matter.

5

6

7                      /s/
                     _____

8                      Linda C. Marshall, RPR
                     Official Court Reporter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**$**

**$1661.41 [1]** 4/7
**$289 [2]** 4/18 4/22

**/**

**/s [1]** 16/7

**1**

**10:08 [1]** 1/8
**11:42 [1]** 15/8
**1473 [1]** 1/5
**15 [1]** 8/12
**16 [2]** 8/12 8/21
**1681 [7]** 8/12 8/18 8/20 8/21 8/23 8/24
  8/25
**1734 [1]** 1/13
**17th [1]** 4/8
**18-1473 [1]** 1/5
**19th [1]** 4/10

**2**

**2000 [1]** 7/21
**2013 [2]** 5/14 5/14
**2016 [5]** 3/2 3/14 3/15 4/2 10/1
**2017 [1]** 4/13
**2018 [1]** 4/14
**2019 [2]** 1/8 4/22
**20903 [1]** 1/13
**210 [1]** 1/13
**21204 [1]** 1/22
**21401 [1]** 1/16
**22nd [1]** 4/14
**230 [1]** 1/16
**2333 [1]** 1/20
**234 [1]** 10/14
**23rd [3]** 3/14 4/2 4/5
**240-780-8829 [1]** 1/14
**29th [1]** 4/16

**3**

**30 [1]** 4/13
**301 [1]** 1/24
**305 [1]** 1/22
**307 [1]** 10/25
**308 [1]** 10/25
**30th [1]** 4/4
**3229 [1]** 1/24
**337 [1]** 10/14
**344-3229 [1]** 1/24
**357 [1]** 7/20

**4**

**410-280-6133 [1]** 1/17
**410-339-6880 [1]** 1/23
**424 [1]** 10/24
**426 [1]** 7/21
**450 [2]** 10/1 10/12
**45458 [1]** 1/19
**468 [3]** 10/1 10/12 10/13
**495 [1]** 10/14

**6**

**600 [1]** 1/22
**6133 [1]** 1/17
**6880 [1]** 1/23

**6th [1]** 3/12

**8**

**8163 [1]** 1/19
**8829 [1]** 1/14
**8th [2]** 4/1 4/22

**9**

**914 [1]** 1/16
**937-222-2333 [1]** 1/20

**A**

**a.m [2]** 1/8 15/8
**able [1]** 13/3
**about [9]** 3/24 5/19 7/4 8/11 9/14 13/21
  14/6 14/16 14/18
**above [1]** 16/4
**above-entitled [1]** 16/4
**accept [2]** 6/24 7/18
**account [3]** 4/5 4/16 6/2
**accurate [1]** 8/5
**Act [16]** 2/14 2/17 2/18 5/1 5/7 5/10 5/13
  5/21 7/17 9/7 10/7 11/17 11/21 12/3
  12/4 13/18
**action [8]** 1/4 2/24 8/13 9/5 10/16 11/16
  11/24 12/16
**actions [2]** 11/3 12/2
**actual [8]** 6/2 9/16 10/16 10/17 11/4
  11/4 11/9 11/18
**actually [3]** 6/12 7/25 10/12
**add [1]** 5/8
**addressed [1]** 8/18
**adopted [1]** 10/25
**after [3]** 4/1 13/10 14/20
**again [3]** 3/13 10/6 12/17
**against [10]** 2/14 2/17 2/19 3/13 5/11
  6/15 12/4 12/7 14/4 14/5
**agencies [3]** 5/22 8/22 8/23
**agency [1]** 9/14
**agreed [1]** 3/17
**agreement [2]** 3/15 4/2
**AIDED [1]** 1/25
**all [4]** 3/17 8/12 15/3 15/7
**allegations [1]** 7/3
**alleged [1]** 6/7
**allow [2]** 6/5 13/19
**already [1]** 14/17
**also [1]** 5/5
**am [2]** 3/6 13/8
**American [1]** 7/20
**among [1]** 3/16
**amount [1]** 4/7
**anguish [1]** 6/22
**Annapolis [1]** 1/16
**another [3]** 3/14 3/25 11/5
**any [6]** 5/16 5/24 5/24 7/7 13/9 14/14
**anything [1]** 6/10
**anyway [2]** 7/8 13/24
**apartment [7]** 3/3 3/19 4/19 12/24 12/25
  12/25 13/2
**Apartments [1]** 2/7
**apparently [1]** 4/10
**appeal [1]** 4/10
**Appeals [1]** 10/1
**appear [1]** 6/10
**APPEARANCES [1]** 1/11

**appeared [1]** 4/13
**applies [1]** 8/23
**apply [1]** 8/21
**April [1]** 4/8
**April 17th [1]** 4/8
**are [16]** 2/3 3/19 5/19 6/18 6/23 8/21
  8/24 9/6 9/10 11/13 11/25 12/1 12/6
  12/11 12/12 14/6
**aren't [1]** 14/12
**arguable [1]** 12/23
**arguably [2]** 8/7 11/8
**argue [2]** 12/18 13/19
**argument [6]** 5/19 5/23 6/6 6/24 13/7
  13/14
**arising [1]** 3/18
**as [32]**
**ASSOCIATES [2]** 1/21 2/6
**at [10]** 4/17 6/5 6/9 6/14 7/20 8/3 10/13
  10/25 13/10 15/8
**attempted [1]** 6/1
**attempting [1]** 6/7
**attorney's [1]** 2/22
**attorneys' [1]** 5/8
**August [1]** 3/2
**Authority [1]** 3/21
**Autumn [1]** 2/7
**avenue [4]** 1/22 7/16 9/11 9/16
**award [1]** 10/22
**aware [1]** 4/8
**away [1]** 13/11

**B**

**back [1]** 13/1
**background [2]** 3/1 4/24
**Baltimore [2]** 1/22 4/15
**BANCROFT [1]** 1/12
**bank [3]** 7/20 14/4 14/11
**bar [1]** 8/20
**BARNES [6]** 1/4 2/5 2/12 3/13 3/15 4/8
**Barnes' [3]** 4/5 4/13 6/19
**Bay [1]** 1/16
**be [19]**
**BEALL [2]** 1/21 12/17
**became [1]** 4/8
**because [6]** 7/9 8/6 8/21 10/6 11/17
  12/19
**been [5]** 4/9 6/15 7/4 8/13 9/5
**before [6]** 1/10 2/10 14/9 14/10 14/11
  14/25
**begin [1]** 8/4
**begins [1]** 10/13
**behalf [1]** 3/22
**being [1]** 4/18
**believe [2]** 3/7 3/25
**between [2]** 2/11
**beyond [1]** 8/3
**borrower [1]** 14/3
**both [4]** 2/20 5/12 6/18 12/11
**building [1]** 3/3
**business [4]** 1/7 1/18 2/6 2/7
**but [23]**
**buy [1]** 6/15

**C**

**can [9]** 6/6 6/11 7/12 9/21 10/7 13/14
  13/22 15/1 15/1

**C**

can't [3]  7/2 7/25 13/25
candid [1]  14/6
candidly [1]  10/5
care [2]  6/13 15/5
carefully [1]  8/14
case [21]
cases [1]  11/1
cathedra [1]  14/7
cause [3]  2/24 11/24 12/16
causes [3]  8/12 9/4 11/16
certainly [3]  7/18 9/12 14/22
CERTIFICATE [1]  16/1
certify [1]  16/2
cetera [1]  3/22
charges [1]  4/14
Circuit [7]  3/4 3/5 4/11 4/14 7/1 7/21 8/1
cite [1]  7/25
cites [1]  10/15
citing [1]  7/1
City [1]  4/15
Civil [1]  1/4
claim [11]  4/17 5/11 5/20 5/20 7/15 8/17
  8/25 9/9 9/19 12/21 13/4
claims [8]  3/17 8/20 9/1 9/4 9/5 12/4
  12/10 12/10
clearly [1]  8/6
client [1]  8/5
close [2]  12/19 13/5
collect [1]  6/7
collection [6]  2/14 4/7 4/9 4/25 5/10
  12/3
come [4]  7/10 9/11 10/9 13/1
coming [1]  14/4
common [9]  7/9 8/12 8/20 9/1 9/4 9/5
  11/2 11/16 11/24
compensable [1]  6/23
complicated [4]  9/7 10/6 11/22 13/16
COMPUTER [1]  1/25
COMPUTER-AIDED [1]  1/25
concede [2]  5/5 5/11
concerned [1]  7/4
concerning [1]  10/21
concludes [1]  5/20
concoction [1]  12/21
condition [1]  9/15
conditional [4]  9/12 10/4 11/2 11/11
consequence [1]  2/23
Consequently [2]  8/4 10/24
consistent [1]  12/5
consumer [9]  2/14 2/16 4/25 5/6 5/22
  8/24 12/3 12/3 14/1
context [1]  11/20
contradiction [1]  12/1
correct [5]  3/6 3/7 8/11 12/14 16/3
corresponding [1]  6/4
could [3]  5/23 6/1 14/4
counsel [1]  15/7
count [15]  2/13 2/16 2/18 2/20 2/21 2/22
  2/23 2/25 4/24 4/25 5/6 5/7 6/17 6/19
  12/7
counter [2]  12/9 12/13
counts [6]  2/13 5/12 5/15 6/23 12/2
  12/13
County [3]  3/4 3/22 4/11

coupled [2]  10/17 11/5
course [1]  2/22
court [25]
Court's [1]  14/15
courts [1]  9/17
credit [13]  2/18 4/17 5/12 5/21 7/12 7/17
  8/22 9/7 9/14 10/7 11/17 11/21 13/18
creditor [2]  3/11 9/13

**D**

damages [7]  4/13 4/18 7/13 10/15 10/23
  12/21 13/2
dangerous [1]  13/6
dash [1]  9/25
Davenport [5]  5/14 7/7 7/8 8/14 8/19
DAVID [1]  1/18
day [1]  4/21
Dayton [1]  1/19
deals [1]  3/1
debt [6]  2/14 4/9 4/25 5/9 6/7 12/3
debtor [1]  9/14
deceive [2]  10/18 11/5
December [2]  4/1 4/4
December the [1]  4/1
decision [1]  14/15
defamation [8]  2/20 9/9 9/11 10/8 11/3
  11/12 12/10 13/20
defendant [8]  1/8 1/18 1/21 9/20 12/22
  14/9 14/10 14/11
defendant's [2]  10/17 10/18
defendants [9]  2/12 2/15 2/20 7/11
  11/25 12/1 14/6 14/8 14/19
deficient [1]  9/14
defined [1]  11/3
definition [1]  11/1
deleted [1]  4/16
deliberately [1]  6/12
delinquent [1]  4/9
demands [1]  3/17
denied [10]  5/17 6/19 6/20 6/21 12/1
  12/6 12/8 12/9 12/12 12/15
deny [1]  6/3
developed [1]  9/3
devices [1]  14/15
did [4]  3/16 6/8 8/6 8/19
didn't [2]  8/5 8/7
different [1]  11/19 13/17
directed [1]  13/10
disagree [3]  5/23 6/1 8/10
disagree where [1]  8/10
disclosures [1]  8/22
discover [1]  13/2
discussion [2]  10/3 14/18
dismissed [2]  2/8
dispute [1]  7/19
disregard [15]  6/2 6/8 6/9 6/13 6/14 7/15
  9/11 9/16 10/8 10/20 11/8 11/20 11/21
  13/19 13/22
distinction [1]  13/21
distress [1]  6/23
district [5]  1/1 1/1 1/10 3/5 3/9
DIVISION [1]  1/2
do [10]  6/24 8/5 8/7 9/6 11/19 12/18
  13/6 14/24 15/1 15/1
document [1]  13/1
does [5]  3/1 6/10 8/14 11/21 13/19

doesn't [5]  6/13 8/20 13/1 13/19 13/20
Doherty [1]  1/21
doing [1]  2/6
don't [9]  8/11 9/10 10/8 11/7 11/9 11/11
  11/18 12/12 12/14
doubt [1]  7/14
Dowd [1]  1/18
down [1]  14/4
due [4]  4/17 4/22 9/19 12/21
duration [1]  7/10

**E**

E-L-L-E-R-I-N [1]  10/14
earlier [1]  14/19
eat [1]  7/5
effect [2]  5/13 7/22
effectively [1]  3/10
either [1]  5/20
elements [2]  9/9 11/13
Eleven [1]  2/22
Eleventh [1]  8/1
Ellerin [3]  10/14 10/20 10/25
Elton [1]  1/13
EMANWEL [1]  1/15
emotional [2]  6/23 7/13
end [1]  13/14
enforce [1]  6/1
enough [1]  8/6
enter [2]  14/14 15/3
entered [1]  3/15
entitled [2]  3/20 16/4
Equifax [1]  2/9
escrow [2]  3/4 4/10
Esquire [4]  1/12 1/15 1/18 1/21
essential [1]  4/24
essentially [4]  3/2 5/7 7/22 11/13
et [1]  3/22
even [5]  7/6 9/3 11/15 11/16 11/20
event [4]  5/24 5/24 7/7 14/14
evidence [2]  7/3 11/18
evolved [1]  7/7
ex [1]  14/7
exact [1]  9/21
EXCERPT [1]  2/2
exclude [2]  8/21 9/1
excluded [1]  8/13
executed [1]  4/19
execution [1]  4/20
exhibits [1]  6/15
exist [1]  6/8
exists [1]  9/12
Experian [1]  2/8
expert [1]  6/24
explained [1]  10/20
extent [3]  5/16 7/5 8/8

**F**

F.3d [1]  7/20
fact [4]  6/7 7/11 13/10 13/22
factual [1]  4/24
fail [1]  11/17
failure [6]  2/19 3/12 3/14 3/25 7/10 8/16
fair [8]  2/18 7/17 9/6 10/7 11/17 11/21
  11/22 13/18
falls [1]  10/22
false [2]  10/18 11/4

**F**

falsity [3]  10/17 11/10 11/18
far [2]  13/16 13/16
favor [1]  5/15
February [1]  4/5
February 23rd [1]  4/5
Federal [2]  5/12 5/21
feeling [1]  14/19
fees [2]  2/22 5/8
filed [5]  3/3 3/12 4/1 4/14 5/16
find [3]  10/16 13/2 13/10
finds [1]  13/11
Firm [1]  1/15
first [1]  2/25
five [1]  2/13
flawed [1]  8/3
folks [1]  14/15
following [1]  4/19
foregoing [1]  16/2
forward [2]  7/12 8/9
found [1]  5/9
four [1]  7/21
Fourth [2]  7/1 7/21
frankly [1]  13/8
fraud [1]  10/16
Friday [1]  1/8
frivolous [1]  7/2
fully [1]  3/20
furnishes [1]  5/22
further [1]  12/23

**G**

generally [1]  7/11
George's [3]  3/4 3/22 4/11
get [2]  8/10 8/10
gets [2]  10/6 11/22
give [1]  14/13
given [1]  7/9
go [9]  6/5 7/12 8/15 8/18 9/8 11/10 13/7
 13/13 13/14
goes [3]  8/3 8/9 10/2
going [8]  12/18 12/25 13/3 13/6 13/8
 13/8 14/16 14/25
GOLDSON [2]  1/12 1/12
gone [2]  13/17 14/17
got [5]  7/25 8/2 8/13 10/13 11/8
grant [1]  6/4
granted [2]  5/15 11/25
Greenbelt [1]  1/7

**H**

H-O-S-M-A-N-E [1]  9/25
had [2]  4/9 14/3
happy [1]  14/23
harm [3]  9/20 11/10 11/19
has [4]  2/5 2/7 9/3 9/15
have [16]  5/1 5/2 5/3 6/15 7/5 8/2 8/13
 9/5 9/10 9/17 10/3 11/7 11/9 14/16
 14/17 15/4
headaches [1]  7/5
heard [1]  4/11
held [1]  10/15
help [1]  14/25
her [5]  3/3 5/3 7/12 11/5 12/15
here [4]  8/2 9/10 9/12 14/8

hereby [2]  3/17 3/19
herein [1]  2/4
his [1]  11/3
hold [2]  10/10 13/4
holding [1]  7/22
Holland [1]  1/15
Honor [2]  14/18 15/6
HONORABLE [1]  1/10
Hosmane [1]  9/25
Housing [1]  3/21
however [1]  9/8

**I**

I'll [1]  13/14
I'm [7]  3/8 7/7 9/24 11/15 12/18 13/5
 13/13
I've [2]  7/7 10/13
if [9]  8/15 9/8 9/17 9/21 11/15 11/16
 12/23 13/1 15/3
imagine [1]  13/25
implementing [1]  14/14
in [59]
inability [1]  7/4
INC [4]  1/19 2/6 2/9 5/14
include [2]  10/7 11/21
inconsistent [2]  7/6 7/8
indifference [1]  10/21
information [4]  2/8 2/9 3/1 5/22
INGMAR [1]  1/12
injure [1]  13/17
insist [1]  4/22
insofar [3]  4/17 7/3 9/6
intended [1]  6/12
intending [1]  11/10
intent [5]  9/19 10/18 11/5 11/19 13/17
interesting [1]  5/18
interim [1]  3/25
internal [1]  8/2
into [2]  3/15 10/2
invasion [4]  2/21 11/13 12/10 13/20
investigate [2]  2/19 8/17
investigation [4]  7/20 8/2 8/2 8/8
is [66]
issue [5]  6/5 6/13 7/23 11/11 12/16
it [39]
it's [6]  4/21 7/8 12/19 12/23 13/15 14/25
its [1]  4/6

**J**

Javonna [1]  2/5
Johnson [1]  7/20
JOSEF [1]  1/15
JOVONNA [1]  1/4
judge [3]  1/10 14/16 15/4
judgment [11]  2/11 2/11 5/1 5/2 5/4 6/4
 6/5 6/20 12/8 12/12 12/13
June [1]  4/13
June 30 [1]  4/13
jurors [2]  5/23 5/25
jury [14]  7/23 12/5 12/18 13/7 13/9
 13/10 13/11 13/15 13/20 14/2 14/9
 14/10 14/11 14/25
just [5]  8/1 8/18 13/25 14/12 15/1

**K**

kind [3]  3/18 11/9 14/12

knew [1]  6/12
know [1]  13/8
knowledge [8]  6/2 6/7 9/18 10/17 11/4
 11/4 11/9 11/18

**L**

landlord [2]  3/10 14/9
language [4]  3/16 9/1 9/21 10/9
largely [1]  14/1
later [2]  13/3 13/3
law [15]  1/12 8/12 8/20 9/1 9/3 9/4 9/5
 9/13 10/8 11/2 11/16 11/23 11/24 12/20
 13/5
lawsuit [2]  3/13 4/1
lawyer [2]  14/5 14/10
lease [3]  3/16 3/19 4/3
least [2]  4/17 6/9
leave [2]  13/2 14/15
left [1]  12/1
length [1]  7/9
let [3]  9/21 12/18 13/14
let's [4]  8/15 8/16 8/17 14/6
letting [2]  3/19 13/13
liability [1]  8/17
like [2]  12/20 13/18
likewise [1]  10/25
limitation [1]  8/17
limited [1]  9/5
LINDA [3]  1/24 16/2 16/8
list [1]  4/14
little [3]  9/7 10/6 11/22
LLC [2]  2/8 2/9
lone [1]  14/3
look [1]  13/10
looking [1]  8/3
looks [1]  12/20
loss [1]  3/21
lot [2]  11/8 14/12
LP [1]  2/6

**M**

made [4]  4/18 5/13 6/6 8/22
Mae [1]  5/14
magistrate [2]  14/16 15/4
make [3]  9/13 13/7 13/14
making [1]  11/15
malice [8]  9/16 10/3 10/7 10/16 10/25
 11/1 11/3 11/20
management [1]  3/3
Marks [1]  1/21
MARSHALL [3]  1/24 16/2 16/8
MARYLAND [18]
materia [1]  5/7
material [1]  7/19
matter [6]  2/10 8/7 9/13 12/20 13/5 16/4
may [7]  4/10 4/14 4/16 7/23 8/1 13/11
 13/13
May 22nd [1]  4/14
May the [1]  4/16
maybe [1]  13/20
MBNA [1]  7/20
me [3]  9/10 9/21 15/4
mean [4]  11/7 13/17 14/8 14/10
means [2]  9/18 10/3 10/18 11/5
meat [1]  13/24
mens [1]  10/22

**M**

**mental [1]** 6/22
**MESSITTE [1]** 1/10
**might [1]** 7/6
**migraine [1]** 7/5
**minimum [2]** 6/9 6/14
**misrepresentation [1]** 7/12
**missing [1]** 10/5
**mold [1]** 3/2
**month [1]** 14/5
**months [2]** 13/3 13/3
**moot [1]** 4/12
**more [1]** 7/18
**motion [15]** 5/1 5/2 5/15 5/16 6/3 6/4
6/17 6/18 6/20 6/21 11/25 12/8 12/9
12/13 12/15
**motions [8]** 1/9 2/10 2/11 5/4 6/18 11/25
12/5 12/11
**moved [2]** 3/24 4/4
**Ms [2]** 2/12 12/17
**much [2]** 6/11 7/18
**must [2]** 10/16 11/1
**mutual [3]** 3/15 4/2 4/20

**N**

**name [1]** 4/5
**nature [1]** 3/18
**NCC [14]** 1/7 1/18 2/6 2/15 2/17 2/19 4/7
4/9 5/2 5/11 5/16 6/16 12/7 12/8
**necessarily [1]** 13/1
**need [2]** 13/21 15/1
**needed [1]** 6/25
**Nine [1]** 2/20
**no [5]** 1/4 8/2 9/1 9/10 9/16
**not [30]**
**notes [2]** 1/25 6/22
**noticed [1]** 3/2
**notified [2]** 3/3 4/8
**November [4]** 1/8 3/14 4/2 4/22
**November 23rd [2]** 3/14 4/2
**now [7]** 2/13 4/21 5/18 6/22 7/1 8/10
13/5

**O**

**O'Brien [1]** 1/21
**O'Neill [1]** 1/21
**observation [1]** 5/13
**obviously [1]** 7/19
**occupation [1]** 3/19
**October [1]** 3/13
**October 6 [1]** 3/13
**off [1]** 14/7
**offhand [1]** 8/1
**Office [1]** 1/12
**OFFICIAL [2]** 1/24 16/8
**Ohio [1]** 1/19
**okay [2]** 12/14 14/21
**Old [1]** 1/19
**omitting [1]** 10/14
**on [27]**
**one [7]** 2/13 4/24 5/8 5/12 5/15 12/2
13/22
**only [7]** 2/19 2/23 5/3 5/8 8/21 8/23 12/8
**opposition [1]** 5/17
**oppositions [1]** 5/3

**or [16]** 2/11 3/17 3/18 3/18 3/24 4/6 4/8
6/2 6/8 6/15 6/23 8/5 10/20 11/5 13/20
14/17
**order [3]** 9/15 14/14 15/3
**oriented [1]** 14/1
**other [5]** 2/3 3/17 8/23 8/24 10/15
**out [7]** 3/24 4/4 6/8 6/12 11/10 12/11
14/1
**over [1]** 14/12
**overall [1]** 14/25
**overcome [4]** 9/15 10/4 11/2 11/11
**own [2]** 5/3 8/3
**owner [1]** 3/20

**P**

**P-I-S-C-A-T-E-L-L-I [1]** 10/24
**P-R-O-C-E-E-D-I-N-G-S [1]** 2/1
**pari [1]** 5/7
**part [1]** 7/10 9/19 12/21
**Partial [1]** 2/11
**particular [1]** 8/15
**parties [3]** 3/20 5/5 5/11
**PATRICIA [1]** 1/21
**Pause [2]** 9/23 10/11
**pay [3]** 3/12 3/14 4/1
**payable [1]** 4/22
**payments [1]** 3/21
**PC [1]** 1/15
**permit [1]** 2/24
**person [2]** 5/21 5/24
**person's [1]** 11/3
**PETER [1]** 1/10
**Piscatelli [1]** 10/24
**PJM [1]** 1/5
**placed [2]** 4/6 4/9
**plaintiff [17]**
**plaintiff's [2]** 6/4 12/9
**play [1]** 8/25
**point [2]** 6/6 11/16
**points [1]** 13/18
**popular [4]** 14/6 14/8 14/9 14/11
**pose [1]** 12/17
**potential [1]** 5/8
**precluded [1]** 9/6
**preempted [3]** 5/12 5/19 5/20
**premises [2]** 3/24 4/5
**prepared [2]** 5/25 7/8
**previously [1]** 2/7
**Prince [1]** 3/4 3/21 4/11
**privacy [4]** 2/21 11/13 12/10 13/20
**privilege [5]** 9/12 9/15 10/4 11/2 11/11
**proceedings [3]** 1/9 2/3 16/3
**proceeds [1]** 2/13
**produced [1]** 6/15
**Protection [3]** 2/17 5/7 12/4
**prove [1]** 11/1
**provide [1]** 3/16
**provisions [1]** 8/24
**pull [1]** 8/16
**punitive [2]** 10/15 10/23
**purportedly [2]** 4/19 4/19
**purpose [2]** 11/3 13/23
**purposes [1]** 14/17
**put [2]** 13/25 14/25

**Q**

**question [1]** 12/20

**questionable [1]** 13/4

**R**

**R-A-D-K-E [1]** 9/25
**Radke [3]** 9/18 9/24 9/25
**rather [1]** 10/2
**rea [1]** 10/22
**read [4]** 8/13 8/15 9/21 10/8
**ready [1]** 15/4
**really [13]** 6/14 8/1 9/10 11/7 11/9 11/15
12/21 13/4 13/6 13/7 13/16 13/25 14/25
**reason [2]** 13/9 13/12
**reasonable [3]** 5/23 5/25 7/19
**recently [1]** 14/3
**Recess [1]** 15/8
**reckless [15]** 6/8 6/9 6/13 6/14 7/15 9/11
9/16 10/7 10/20 10/21 11/8 11/19 11/21
13/19 13/22
**recognized [1]** 2/24
**record [4]** 6/11 8/9 14/7 16/3
**records [1]** 8/3
**recover [2]** 10/15 13/22
**refer [1]** 15/4
**referral [1]** 14/23
**referring [1]** 9/24
**regard [6]** 5/18 6/19 7/17 9/4 11/12 12/7
**release [2]** 4/20 12/23
**released [1]** 3/20
**releasing [2]** 12/24 12/24
**reluctantly [1]** 12/19
**remains [1]** 7/16
**remedy [1]** 5/8
**removed [1]** 4/15
**rent [5]** 3/3 3/13 3/14 4/1 4/17
**report [2]** 4/17 9/13
**reported [1]** 2/3
**REPORTER [3]** 1/24 16/1 16/8
**reporting [12]** 2/18 5/13 5/21 5/22 7/17
8/22 9/7 9/14 10/7 11/17 11/21 13/18
**reports [1]** 8/24
**representation [1]** 10/21
**representative [1]** 4/6
**require [1]** 3/1
**required [1]** 10/22
**rescission [2]** 3/16 4/2
**reserve [1]** 13/9
**resident [1]** 4/13
**resolution [1]** 13/24
**result [1]** 3/18
**revisit [1]** 13/9
**Ridge [20]**
**Ridge's [2]** 6/3 6/21
**right [6]** 3/6 6/1 9/13 13/9 15/3 15/7
**risky [1]** 13/15
**Road [2]** 1/13 1/16
**routine [1]** 8/7
**RPR [1]** 16/8
**RPS [1]** 4/6
**ruled [1]** 4/12

**S**

**S-E-L-E [1]** 9/25
**said [9]** 3/18 3/19 6/11 7/6 8/4 9/3 9/8
9/8 11/15
**Sallie [1]** 5/14
**same [3]** 6/19 11/12 11/14

**S**

**say [9]**  5/25 6/10 7/8 7/14 11/20 12/5 12/17 13/1 13/8
**saying [1]**  13/5
**second [1]**  10/10
**see [5]**  9/21 12/14 13/23 14/4 15/1
**seeking [1]**  12/13
**seems [1]**  9/10
**seen [2]**  7/16 14/12
**Sele [2]**  9/18 9/24
**Sele-Radke [2]**  9/18 9/24
**send [1]**  6/12
**sending [1]**  6/8
**sense [1]**  7/9
**separate [2]**  2/22 2/23
**September [1]**  3/12
**serious [2]**  7/14 14/13
**SERVICES [4]**  1/7 1/19 2/6 2/9
**set [4]**  6/17 6/20 6/21 12/4
**settlement [3]**  13/25 14/17 15/5
**shall [1]**  13/23
**SHAVER [1]**  1/18
**short [1]**  10/22
**she [4]**  4/14 7/12 12/14 12/14
**should [2]**  5/9 13/9
**show [1]**  10/16
**shown [1]**  6/15
**shows [1]**  8/8
**signed [1]**  3/22
**Silver [1]**  1/13
**simple [1]**  7/2
**simply [1]**  8/24
**Six [2]**  2/18 12/7
**Sixteen [1]**  8/22
**sleep [1]**  7/5
**so [13]**  5/15 6/17 7/5 8/8 9/5 11/10 11/15 11/24 12/1 12/16 13/5 13/20 14/12
**Solutions [1]**  2/8
**some [4]**  3/1 4/18 10/2 14/13
**somebody [1]**  11/10
**somehow [1]**  13/11
**something [1]**  2/21
**somewhat [1]**  12/19
**sorry [1]**  3/8
**sort [1]**  14/7
**SOUTHERN [1]**  1/2
**speak [1]**  5/5
**speaking [1]**  14/7
**specific [5]**  8/23 9/18 9/18 9/19 10/2
**specifically [2]**  6/22 8/16
**Spring [1]**  1/13
**start [1]**  2/25
**state [4]**  8/20 9/5 9/11 10/8
**statement [5]**  8/11 10/19 11/4 11/6 11/22
**STATES [2]**  1/1 1/10
**states' [1]**  9/4
**status [1]**  7/12
**statute [4]**  8/13 8/16 9/2 9/7
**statutory [1]**  9/4
**STENOTYPE [1]**  1/25
**still [1]**  7/16
**Street [1]**  1/19
**strongly [1]**  14/24

**styled [1]**  2/21
**subtle [1]**  8/10
**sued [2]**  2/5 2/7
**suggest [2]**  8/6 14/24
**suggested [1]**  7/2
**suit [4]**  2/5 2/13 4/14 11/12
**Suite [4]**  1/13 1/16 1/19 1/22
**summary [11]**  2/11 2/11 5/1 5/2 5/4 6/3 6/5 6/20 12/8 12/12 12/13
**SUN [22]**
**support [1]**  10/22
**Surdyk [1]**  1/18
**survivable [1]**  12/16
**survive [2]**  9/6 11/16
**survived [1]**  9/5
**surviving [2]**  12/2 12/4

**T**

**take [3]**  6/13 13/11 15/5
**taken [1]**  4/10
**takes [1]**  10/9
**talking [1]**  7/4
**Ten [1]**  2/21
**tenant [1]**  14/1
**tenant-oriented [1]**  14/1
**terms [2]**  5/5 7/10
**testimony [1]**  6/24
**Thank [2]**  15/6 15/7
**that [91]**
**that's [6]**  3/6 3/7 4/24 5/23 11/19 11/22
**their [1]**  8/3
**then [10]**  2/25 4/4 4/16 4/21 4/25 5/3 7/7 12/5 12/15 14/5
**there [20]**
**there's [3]**  5/18 9/10 9/16
**these [2]**  5/19 14/6
**they [14]**  6/1 6/11 6/12 7/2 8/4 8/5 8/6 9/6 9/6 11/17 13/7 14/4 14/12 14/19
**they'll [1]**  13/21
**they're [1]**  14/24
**things [1]**  3/17
**think [18]**
**this [36]**
**those [3]**  6/23 11/16 12/13
**though [4]**  7/14 9/3 11/15 11/20
**thought [2]**  14/13 14/16
**three [1]**  13/3
**through [1]**  9/8
**Thus [1]**  11/2
**time [1]**  12/24
**today [2]**  14/15 15/3
**told [1]**  13/21
**too [1]**  8/10
**Towson [1]**  1/22
**Trans [1]**  2/8
**transcribed [1]**  2/4
**transcript [2]**  1/9 16/3
**TRANSCRIPTION [1]**  1/25
**trial [6]**  6/5 6/17 6/20 6/21 12/5 13/10
**true [2]**  6/19 11/12
**truth [1]**  10/21
**TURNBULL [1]**  1/15
**Turner [1]**  1/18
**two [4]**  2/16 5/6 5/12 5/15 6/19 11/24 12/2
**typically [1]**  7/23

**U**

**U.S.C [1]**  8/12
**under [10]**  3/18 4/25 5/9 6/23 8/12 10/6 10/8 12/2 12/23 13/18
**understand [1]**  7/1
**Union [1]**  2/8
**UNITED [2]**  1/1 1/10
**unreasonable [1]**  8/8
**until [1]**  14/20
**up [1]**  13/4
**us [1]**  10/9

**V**

**vacancy [1]**  3/21
**vague [1]**  7/2
**valid [1]**  13/12
**various [2]**  2/10 6/15
**verdict [2]**  13/11 13/11
**verify [1]**  8/4
**versus [3]**  5/14 7/20 9/25
**very [5]**  8/13 9/18 12/19 13/24 14/22
**viable [1]**  12/21
**violation [5]**  2/14 2/16 2/18 5/6 5/9

**W**

**wait [1]**  14/20
**want [3]**  10/9 13/13 13/25
**wanted [1]**  14/20
**was [26]**
**way [4]**  7/9 10/9 13/22 13/24
**we [16]**  2/25 3/7 5/1 5/2 5/3 5/5 8/10 10/15 10/20 12/1 13/1 13/2 13/23 14/3 15/1 15/1
**we'll [3]**  14/14 15/3 15/5
**we're [1]**  13/3
**we've [1]**  13/17
**well [10]**  3/25 5/23 5/25 6/24 7/23 13/11 14/5 14/24 15/3 15/5
**were [2]**  2/3 8/3
**what [9]**  2/23 5/1 7/6 7/25 9/9 10/3 12/20 14/1 15/1
**what's [2]**  7/21 10/4
**whatever [5]**  3/18 7/3 11/8 12/25 13/23
**when [7]**  8/4 9/11 13/2 13/6 14/8 14/10 14/11
**where [4]**  8/10 11/10 11/13 14/3
**Whereupon [1]**  2/3
**whether [4]**  5/19 7/19 8/5 12/20
**which [10]**  2/22 5/6 5/7 6/6 8/3 8/21 10/22 11/1 12/7 13/22
**who [1]**  5/21
**will [7]**  5/5 6/3 6/4 6/5 13/7 13/10 14/1
**willful [2]**  6/11 13/17
**willfulness [1]**  7/15
**within [1]**  14/5
**without [2]**  7/18 12/18
**WL4010983 [1]**  5/14
**Woods [1]**  2/7
**worry [1]**  13/21
**would [12]**  2/23 2/24 3/4 5/8 6/10 7/14 7/18 9/1 10/3 11/12 12/17 14/22
**wrong [1]**  13/6
**wrongful [1]**  7/11

**Y**

**Yankee [1]**  1/19

## Y

**yeah [1]**  10/13
**year [1]**  7/21
**years [1]**  14/12
**yes [1]**  3/8
**yet [2]**  3/14 3/25
**you [23]**
**you're [13]**  11/10 12/24 12/24 13/5 13/8
14/8 14/9 14/9 14/10 14/11 14/11 15/1
15/4
**you've [4]**  7/4 7/25 11/8 11/11
**your [4]**  13/4 14/15 14/18 15/6
**Your Honor [1]**  14/18